UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER LYNN CARVER | CIVIL ACTION |
| VERSUS | NO: 24-00991 |
| 152-156 CAROLINE AVENUE, LLC, et al. | SECTION: T (1) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by the United States Department of Housing and Urban Development ("HUD") asserting this Court lacks subject matter jurisdiction over Plaintiff Jennifer Lynne Carver's claims under the Federal Tort Claims Act because they are premature. R. Doc. 12. Ms. Carver has filed an opposition. R. Doc. 13. Defendants 152-156 Caroline Avenue, LLC, William Crowe Hale, and IAT Insurance Company (the "Landlord Defendants") have filed a response that does not object to the reasoning of HUD's motion but instead asks that the Court stay the matter pending the outcome of any administrative proceedings. R. Doc. 14. For the reasons set forth below, the Court will grant HUD's Motion, dismiss Plaintiff's claims against HUD without prejudice, decline to exercise supplemental jurisdiction over the state law claims, and remand those remaining claims to the state court.

BACKGROUND

On Dec. 18, 2023, Plaintiff pro se filed a civil petition for damages against HUD and other

1

named defendants in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. R. Doc. 2-1, pp. 1-12. Plaintiff alleges she was a program participant in Jefferson Parish Housing Authority's (JPHA) Housing Choice Voucher Program and entered into a residential lease agreement with 152-156 Caroline Avenue, LLC, and Williams Crowe Hale in September 2017. During her residency, Plaintiff alleges the property presented a hazardous condition due to its extensive water damage, water leaks, mold, electrical issues, and rodent infestation. Plaintiff claims she notified the defendants of the hazardous condition of the property, but no one acknowledged or rectified the property. She sued the defendants under various theories of liability, but the specific claim against HUD was negligence. *Id.* at ¶¶ 23-26.

HUD then removed Plaintiff's complaint under the federal-agency removal statute, 28 U.S.C. § 1442(a). R. Doc. 2. Subsequently, HUD filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction. Essentially, HUD asserts that Plaintiff's tort allegations against it reference "[n]on-compliance with federal regulations, negligence and breach of duty." Therefore, the United States's waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA") requires the plaintiff to first present an administrative claim to HUD and receive a written denial or allow the passage of six months (whichever occurs first) before filing suit in federal district court. 28 U.S.C. § 2675(a). Plaintiff's opposition argues that her fair housing complaints, as represented by various emails, meet the FTCA's administrative exhaustion requirements. R. Doc. 13, p. 4; R. Doc. 13-1. HUD counters that these contacts do not. HUD argues that, under the Federal Tort Claims Act, which is the exclusive remedy for torts allegedly committed by the government, Plaintiff failed to

2

present her claim. In support, HUD submits a sworn declaration that Plaintiff did not present an administrative tort claim to the agency prior to the filing of her state-court tort lawsuit. *See* R. Doc. 12-3. (Declaration of HUD's Regional Counsel Derya Samadi).

LAW and ANALYSIS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When applying Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).

"When subject matter jurisdiction is challenged, the Court first considers whether the defendant has made a 'facial' or a 'factual' attack upon the complaint." *Magee v. Winn-Dixie Stores, Inc.*, No. 17-8063, 2018 WL 501525, at *2 (E.D. La. Jan. 22, 2018) (Vance, J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson*, 644 F.2d at 523. In the case of a

3

factual attack, the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Id.* "In the case of a facial attack, the court 'is required to look to the sufficiency of the allegations in the complaint because they are presumed to be true.'" *Magee*, 2018 WL 501525, at *2 (quoting *Paterson*, 644 F.2d at 523).

The applicable law for suits under the FTCA is well-settled. *See Morales-Diaz v. United States*, 2019 WL 2469685 (E. D. La. June 13, 2019)(Africk, J.). "The FTCA creates a statutory cause of action against the United States for torts committed by federal officials within the scope of their employment." *Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994). "Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'" *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) (quoting 28 U.S.C. § 2679(b)(1)). "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (*citing Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States," and "[a]ll defendants other than the United States were properly dismissed for lack of subject matter jurisdiction."))

Furthermore, "[u]nder the FTCA, no damages action may be instituted against the United States 'unless the claimant shall have first presented the claim to the appropriate Federal agency

4

and his claim shall have been finally denied by the agency in writing' or been left undecided for six months." *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) (quoting § 2675(a)).10 "The requirement is jurisdictional and cannot be waived." *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) (quoting *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)).

"The Supreme Court has recognized that strict compliance with the administrative exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action against the United States." *Mendoza v. United States*, 2020 WL 6737871, at *2 (N.D. Tex. Nov. 17, 2020) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)). The claimant bears the burden of establishing presentment, which is "strictly construed in favor of the United States." *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016). A pro se litigant is not excused "from meeting this threshold requirement." *Mendoza*, 2020 WL 6737871, at *4 (citing *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)).

"The purpose of the FTCA's administrative-presentment requirement is to allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts." *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (citations omitted). A plaintiff "gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim." *Cook v. United States Dep't of Labor*, 978 F.2d 164, 165 (5th Cir. 1992). Although a particular method of giving notice is not required, plaintiffs usually

5

give notice by filing a "Claim for Damage, Injury or Death" with the appropriate federal agency. *Id.* (citing *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982)) and *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980)).

HUD has submitted evidence in support of its motion to dismiss. As noted above, HUD has attached a declaration supporting its argument that the claims against the United State should be dismissed. Therefore, the Court will consider HUD's motion to dismiss Plaintiff's claims against the United States as a factual attack.

In support of jurisdiction, Plaintiff has submitted copies of emails and correspondence with HUD and various housing entities in Jefferson Parish, totaling 81 pages, which the Court has reviewed. R. Doc. 13-1. There is no doubt that Plaintiff raised issues with the condition of her apartment in these emails and sought inspections thereof. She also raised issues regarding alleged negative effects on her health. However, as HUD points out, Plaintiff do not meet the FTCA's administrative exhaustion requirements. The emails do not mention or allude to any claim under the FTCA and, significantly, do not request monetary damages or state a sum certain Plaintiff is seeking to recover from the United States. Notably, though Plaintiff on at least two occasions filled out an online form, she was told the following:

> Your complaint will be reviewed by a fair housing specialist to determine if it alleges acts that might violate the Fair Housing Act. The specialist will contact you for any additional information needed to complete this review. If your complaint involves a possible violation of the Fair Housing Act, the specialist will assist you in filing an official housing discrimination complaint. R. Doc. 13-1, p.

18.

Therefore, Plaintiff was informed that her online complaint was not equivalent to an official housing complaint.

As HUD contends, Plaintiff, despite her efforts, failed to exhaust her administrative remedies because she did not provide the appropriate agency with "sufficient written information to begin investigating" and place "a value on her claim." *See e.g.*, *Progressive Cnty. Mut. Ins. Co. v. US Customs & Border Prot.*, 2023 WL 9105545, at *6 (W.D. Tex. Nov. 17, 2023) (Cardon, J.) (concluding that "email [which] plainly did not state a sum certain nor provide information from which a sum certain could be determined" did not satisfy FTCA exhaustion requirements); *Ades v. United States*, 2020 WL 8832502, at *4 (E.D. Tex. Dec. 16, 2020) (Nowak, J.) (concluding that because the purported notice "does not mention or allude to any claim under the FTCA and more importantly does not request monetary damages or state a sum certain Plaintiff is seeking to recover from the United States . . . Plaintiff [] failed to exhaust administrative remedies"). Because Plaintiff's contacts with HUD neither refer to a claim under the FTCA nor state a sum certain she was seeking to recover, she did not present a claim to HUD and has failed to exhaust her administrative remedies. Accordingly, this Court must conclude that it lacks subject-matter jurisdiction and will dismiss Plaintiff's claims against HUD without prejudice.

Having found that this Court lacks subject matter jurisdiction over the federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Kelly*

*v. Shipley*, 2022 WL 13936810, at *3 (E.D. La. Oct. 24, 2022) (remanding claims against non-federal defendants after FTCA claim against United States was dismissed for failure to exhaust); *Schexnayder v. St. Charles Parish*, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012) (same)).

Accordingly,

**IT IS ORDERED** that the United States Department of Housing and Urban Development's Motion to Dismiss (R. Doc. 12) is GRANTED and Plaintiff's claims against it are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the case is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 2nd day of January 2025.

                                                GREG GERARD GUIDRY
                                                UNITED STATES DISTRICT JUDGE